UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PRECISION PLANTER SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOLID ROCK AG SOLUTIONS, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-00286<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Precision Planter Solutions, LLC ("Precision Planter"), for its Complaint against defendant Solid Rock AG Solutions, Inc. ("Defendant" or "Solid Rock"), states and alleges as follows:

**PARTIES**

1. Precision Planter is a limited liability company organized and existing under the laws of the state of Missouri, with a principal place of business location at 10461 Aurora St New Boston, MO 63557.

2. Upon information and belief, Defendant is an Indiana corporation with its principal place of business in Remington, Indiana. Defendant is in the business of designing, developing, manufacturing, and marketing aftermarket components for agricultural equipment, including primarily planters.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising out of at least Defendant's unauthorized manufacturing, offering for sale, and/or selling of certain components for agricultural equipment in violation of Precision Planter's rights under the Patent Laws of the United States, 35 U.S.C. §1, et seq. Because this action arises under the patent laws of the United

1

States, 35 U.S.C. § 271, et seq., this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it is organized in Indiana and headquartered in this District. Furthermore, upon information and belief, Defendant regularly transacts business in the State of Indiana and has committed acts of infringement in this District by making, using, offering for sale, and selling infringing products within this District. Defendant also has a physical facility in this District at 11307 E 700 N, Remington, Indiana.

5. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant is organized under the laws of Indiana, has a facility, including a regular and establish place of business in this District, and resides in this District. Further, Defendant has committed acts of infringement within this District, including but not limited to the sale, offer for sale and use of the Accused Instrumentalities identified below.

## PATENT-IN-SUIT

6. On April 15, 2025, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 12,274,187 ("the '187 Patent"), titled "METHOD AND APPARATUS FOR EXTENDING THE SERVICE LIFE OF AN AGRICULTURAL PLANTER." A true and accurate copy of the '187 Patent is attached hereto as Exhibit 1.

7. Precision Planter is the assignee of the '187 Patent and owns all rights, title and interest in and to the '187 Patent, including the sole and exclusive right to prosecute this action and enforce the '187 Patent against infringers and to collect damages for all relevant times.

8. As described in the '187 Patent, individuals have been known to employ mechanisms to seed fields in the regular course of operating an agricultural farm. These mechanisms are regularly equipped with a series of functional, mobile segments and linkages

with which the mechanisms may perform work at or near ground level. Due to the uneven nature of a tilled and prepared field, these mobile segments and linkages are required to flex and adapt to variable terrain conditions during normal operation. This pivoting action is known to cause wear and eventual damage to the arms of the mechanism, often requiring replacement before proper operation may resume.

9. This need for repairs can be costly not only due to the expense of new arms, but due to the mandatory down-time and service fees associated with mechanical repair of critical components. Consequently, there is a need to provide agricultural planters which have an extended life span, especially with respect to the wear often associated with the pivot arms.

10. The '187 Patent resulted from efforts to solve this issue.

### THE ACCUSED INSTRUMENTALITIES

11. Defendant has infringed one or more claims of the '187 Patent by making, using, selling, and offering to sell systems for extending the service life of an agricultural planter (https://www.parallelarmexchange.com/) and (https://www.solidrockag.com/parallel-arm-rebuilding) identifying the parallel arm rebuilding / exchange from Solid Rock (hereinafter, the "Accused Instrumentalities"). The images below depict the Accused Instrumentalities on Defendant's website and as sold in the United States.







12.     As shown in the image above and below and as further shown on Solid Rock's website, the Solid Rock Arms encompass each of the limitations of claim 1 of the '187 patent. Solid Rock uses a hardened wear sleeve or a heat-treated hardened sleeve (i.e., a collar), which is made of a metallic material. Further, as shown below, the bushing has a uniform outside diameter that corresponds to the inside diameter of the collar. Thus, Solid Rock is directly and/or indirectly infringing claim 1 of the '187 patent.



*(Image of Arms from Solid Rock's Website www.solidrockag.com/parallel-arm-rebuilding)*

> Our solution is to take these worn parallel arms and use our CNC machine to precisely mill out a larger hole into which we press a <mark>high-strength, heat-treated hardened sleeve</mark>. Inside of that goes a high-wear bushing. <mark>This bushing is much stronger than OEM bushings but slightly softer than our sleeve, meaning the bushing will wear first, as it should.</mark>

*(Description from the Parallel Arm Exchange Websitewww.parallelarmexchange.com/)*

**Count I: Infringement of the '187 Patent**

13. The allegations of paragraphs 1-12 are incorporated as if fully set forth herein.

14. Defendant directly infringes, literally and/or under the doctrine of equivalents, one or more claims of the '187 Patent by making, using, importing into the U.S., offering to sell, and/or selling the agricultural system Accused Instrumentalities. Defendant's infringement is in violation of 35 U.S.C. §271(a).

15. For example, Defendant's Accused Instrumentalities include a pivoting support system for agricultural equipment that includes each and every limitation of Claim 1 of the '187 Patent:

> Claim 1: A pivoting support system for agricultural equipment, the pivoting support system comprising:
>
> (a) a pivoting support arm including a pivoting support arm pivot location orifice having an inside diameter, wherein the pivoting support arm is configured to be coupled to a support portion of a piece of agricultural equipment, the support portion including a support location orifice;

6

    (b) a collar including a tubular section having an inside diameter and an outside diameter, wherein the collar is disposed in the pivoting support arm pivot location orifice, wherein the collar is made of a metallic material;

    (c) a bushing having a uniform outside diameter that corresponds to the inside diameter of the collar, the bushing extending at least partially through the collar;

    (d) a connecting member disposed through the bushing; and

    (e) a terminal fastener connected to the connecting member.

16. As shown above, and in the images below specifically depicting Defendant's Accused Instrumentalities, the Accused Instrumentalities meet each and every limitation of at least Claim 1.



(https://www.parallelarmexchange.com/shop/apn-jd-cast-john-deere-standard-length-row-kit-32219)

17.     As shown above, and in the images below, Defendant's Accused Instrumentalities, include connecting members disposed through the bushing. The connecting members are shown on the Defendant's website and come together with the infringing planter.



(https://www.parallelarmexchange.com/shop/pah-jdw-hardware-kit-for-jd-white-parallel-arms-36306)



18.     Defendant's acts of infringement have caused and continue to cause damage to Precision Planter, and Precision Planter is entitled to recover from Defendant the damages sustained by Precision Planter in an amount to be determined at trial.

9

19. Defendant's infringement of the '187 Patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Precision Planter's rights under the patent.

20. Precision Planter has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Precision Planter has and will continue to suffer this harm by virtue of each Defendant's infringement of the '187 Patent.

21. On information and belief, Defendant will continue to infringe the '187 Patent unless and until Defendant is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Precision Planter respectfully requests that this Court enter judgment in its favor and against Defendant, as follows:

A. To enter judgment that Defendant has infringed the '187 Patent in violation of 35 U.S.C. §271;

B. To enter orders preliminarily and permanently enjoining Defendant and its officers, agents, directors, servants, employees, attorneys, representatives, parents, subsidiaries, affiliates, and all of those in active concert, privity or participation with them and their successors and assigns, from infringing the '187 Patent;

C. Enter judgment that Defendant's acts of infringement have been willful and deliberate;

D. To award Precision Planter its damages in an amount adequate to compensate Precision Planter for Defendant's infringement of the '187 Patent consistent with 35 U.S.C. § 284, up to and including treble the amount of actual damages assessed, together with costs, and prejudgment and post-judgment interest;

E. To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award Precision Planter its attorneys' fees, expenses, and costs incurred in this action; and

F. To award Precision Planter such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Precision Planter respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated: June 6, 2025     Respectfully submitted,

*/s/ Max Davis O'Guinn III*
Max Davis O'Guinn III (Indiana #27446-52)
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Telephone: (312)-655-1500
Dave.OGuinn@huschblackwell.com

Michael R. Annis (47374MO)*
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Mike.Annis@huschblackwell.com
   **Pro hac vice forthcoming*

***Attorneys for Plaintiff Precision Planter Solutions, LLC,***

11